UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH O. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-6552 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| THOMAS KIA OF HIGHLAND, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Keith O. Allen brought this lawsuit against defendant automobile dealership Thomas KIA of Highland, Indiana ("Thomas KIA") and the manager of Thomas KIA, Tom Seely. In his complaint, Allen alleges defendants violated the Magnusson-Moss Warranty Act, 42 U.S.C. § 1981, and Indiana statutes. For the following reasons, the Court, in its discretion, *sua sponte* transfers venue to the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1404(a).

**Background**

Construing his pro se complaint liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Allen alleges that on September 25, 2020, he went to the Thomas KIA automobile dealership in Highland, Indiana to purchase suspension parts for his 2011 KIA Optima. He was informed it would take 7-10 days to get the parts, so Allen went back to Thomas KIA on October 9, 2020. Thomas KIA then installed right and front left struts, bearings, and strut mounts. After paying for the work performed, Allen drove his car for a half of mile and noticed that his struts were squeaking. On October 12, 2020, Allen returned to Thomas KIA to have the rear work suspension done.

Allen alleges that at that time, a technician at Thomas KIA broke a bolt and suspension arm. After Allen complained to manager Tom Seely about the broken parts, Seely yelled at him to get out

of his shop and called him "nigger." After he went to another KIA dealership in January 2021, Allen found out that Thomas KIA had ordered and installed the wrong struts causing considerable damage to his car.

**Discussion**

Defendants bring a motion to dismiss based on personal jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). Conceding that venue and personal jurisdiction are not proper in the Northern District of Illinois, Allen asks the Court to transfer venue under 28 U.S.C. § 1404(a) to the Northern District of Indiana. Indeed, the best course of action is to transfer this lawsuit to the Northern District of Indiana, Hammond Division, because that district has proper venue and personal jurisdiction. *See In re Ryze Claims Sol.*, LLC, 968 F.3d 701, 706 n.5 (7th Cir. 2020) ("It is well established that a district court has the authority to sua sponte transfer a case under 28 U.S.C. § 1404.").

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In short, under § 1404(a), courts look to the parties' convenience and the interest of justice. *Esposito v. Airbnb Action, LLC*, 538 F.Supp.3d 844, 847, 849 (N.D. Ill. 2020) (Feinerman, J.). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

Factors that relate to the parties' convenience, also know as the parties' private interests, include the plaintiff's choice of forum, the location of material events, the availability and access to witnesses, and access to sources of proof. *See Fischer v. Magyar Allamvasutak Zrt.,* 777 F.3d 847, 868 (7th Cir. 2015); *Research Automation, Inc. v. Schrader-Bridgeport, Int'l Inc.,* 626 F.3d 973, 978 (7th Cir.

2

2010). As he stated in his response brief, Allen's choice of forum is now the Northern District of Indiana. Turning to the location of material events, as the defendants point out in their motion to dismiss, the relevant conduct took place at the Thomas KIA of Highland dealership, which is located in the Northern District of Indiana. Thus, this factor weighs in favor of transfer. Because the events giving rise to Allen's claims occurred in Highland, access to resources and witnesses also leans in favor of transferring venue to the Northern District of Indiana.

The Court next turns to the interest of justice factors, also known as public interest considerations. To that end, courts look to the respective docket congestion, the relationship of the community to the controversy, and the courts' familiarity with the relevant law. *In re Ryze Claims Sol.,* 968 F.3d at 708; *Research Automation*, 626 F.3d at 978. Examining docket congestion, courts in this district rely on the Federal Court Management Statistic Reports to compare the two districts. *See Kjaer Weis v. Kimsaprincess Inc.,* 296 F.Supp.3d 926, 935 (N.D. Ill. 2017) (Dow, J.).

For the twelve-month period ending on December 30, 2021, in the Northern District of Indiana, the time from filing a lawsuit until trial was 38.7 months and the time from filing to disposition was 12.6 months. Whereas, in the Northern District of Illinois, the time from filing a lawsuit until trial was 53.1 months and the time from filing to disposition was 7.4 months. The percentage of cases over three-years-old in the Northern District of Indiana is 8% and the percentage of three-year-old cases in the Northern District of Illinois is 17.6%. As such, this public interest factor weighs in favor of transfer to the Northern District of Indiana.

Because the events underlying this lawsuit took place in Indiana, Indiana has a stronger relationship to this action. *See, e.g., Esposito,* 538 F.Supp.3d at 849. Last, because two of Allen's claims involve Indiana statutes, the Northern District of Indiana has more familiarity with the law underlying Allen's claims.

After carefully considering and weighing the public and private interest factors, the Court, in

its discretion, transfers venue to the Northern District Court of Indiana.

**Conclusion**

For the foregoing reasons, the Court, in its discretion, transfers venue to the Northern District of Indiana, Hammond Division. The Court denies defendants' motion to dismiss [14].

IT IS SO ORDERED.

Date: 3/28/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge