UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KEITH O. ALLEN,<br>  Plaintiff,<br><br> v.<br><br>THOMAS KIA OF HIGHLAND and<br>TOM SEELEY,<br>  Defendants. | )<br>)<br>)<br>)  CAUSE NO.: 2:22-CV-77-JEM<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendants Thomas Kia of Highland and Tom Seely's Motion for Summary Judgment [DE 53], filed July 26, 2023, and Defendants Thomas Kia of Highland and Tom Seely's Motion for Summary Ruling [DE 55], filed September 7, 2023. Defendants move for summary judgment in their favor. Plaintiff has not responded, and the time to do so has expired.

**I. Procedural Background**

On December 8, 2021, Allen filed a complaint, in the Northern District of Illinois that was transferred to the Northern District of Indiana on March 30, 2022. Allen alleged violations of the Magnuson-Moss Warranty Act, the Indiana Consumer Fraud and Deceptive Practices Act and the Indiana Comparative Fault Act, as well as race discrimination, arising from a series of event which occurred between September 25, 2020 and December 23, 2020. Defendants filed the instant motion for summary judgment on July 26, 2023, and Allen did not file a response.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

1

## II. Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50. On cross motions for summary

2

judgment, a court construes, "all inferences in favor of the party against whom the motion under consideration is made." *Speciale v. Blue Cross & Blue Shield Ass'n*, 538 F3.d 615, 621 (7th Cir. 2008). The Court looks to the burden of proof each party would bear on an issue at trial. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (quoting *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)).

### III. Material Facts

Northern District of Indiana Local Rule 56-1 requires the moving party to include with its motion for summary judgment a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file a "'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed." N.D. Ind. L.R. 56-1(b)(2). In this case, as the moving party, Defendants have submitted a Statement of Material Facts. However, Plaintiff Allen has not submitted a response brief, much less a Statement of Genuine Disputes; therefore, the facts referred to below, as asserted by Defendants, are considered to exist without controversy for the purposes of this Motion for Summary Judgment. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit Court of Appeals has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

On September 25, 2020, Allen took his vehicle to Thomas Kia of Highland for suspension repair work. His vehicle had 224,299 miles on it and had had previous modifications made to it. On October 9, 2020, Allen again took his vehicle to Thomas Kia of Highland for additional repair work. Allen alleges that he immediately heard squeaking but did not return with the vehicle until

3

October 12, 2020. On October 12, 2020, Allen's vehicle's right rear lower control arm bolt was seized, but the vehicle was operational, and Allen drove it from Thomas Kia of Highland. On October 16, 2020, Allen returned to Thomas Kia of Highland with complaints of a popping noise, and Thomas Kia of Highland replaced a missing bushing and repositioned an aftermarket coil insulator, at no cost to Allen. Allen returned to Thomas Kia of Highland on December 23, 2020, complaining of abnormal noises, at which time it was noted that the cv axel, which had been replaced by another repair shop was loose (in addition, the cv axel was not the correct axel for the vehicle). Allen did not have any repairs done at that time.

Allen spoke to the manager of Thomas Kia of Highland, Tom Seely. Allen alleged that Seely yelled at him and referred to him as a "N******." The evidence adduced during discovery was that an employee of Thomas Kia of Highland, who was present during that discussion, did not hear Seely make that statement. Allen left Thomas Kia of Highland on December 23, 2020, and did not return.

**IV.   Analysis**

The Local Rules provide that responses to motions for summary judgement must be filed "within 28 days after the movant serves the motion," N.D. Ind. L.R. 56-1(b), and "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003), *cert. denied*, 540 U.S. 909, 124 S. Ct. 282, 157 L. Ed.2d 197 (2003). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir.

4

2014); *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1108 (7th Cir. 2004); *Waldridge*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). It further states that summary judgment, if appropriate, should be entered against a party who fails to respond as provided in the Rule. *See id*. Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

In the instant Motion, Defendants argue that there is no evidence to support any of Allen's claims. Thomas Kia of Highland installed only factory recommended parts on Allen's vehicle and did not install the improper parts. Allen did not file any answers to Defendants' discovery requests, including their requests for admission. Defendants' requests for admission included requests related to each element of each cause of action raised by Allen, as follows:

> 1. Admit that Defendant Thomas Kia of Highland only ordered and installed Vehicle Identification Number specific, factory recommended parts on the Plaintiff's 2011 Kia Optima SX-GDI Turbo 2.0.
>
> 2. Admit that Defendant Thomas Kia of Highland did not order and install the wrong struts on the Plaintiff's 2011 Kia Optima SX-GDI Turbo.
>
> 3. Admit that any defect regarding the Plaintiff's 2011 Kia Optima SX-GDI Turbo 2.0 was solely the product of his own comparative negligence.
>
> 4. Admit that Thomas Kia of Highland worked diligently to repair Plaintiff's 2011 Kia Optima SX-GDI Turbo, every time Plaintiff brought it there.
>
> 5. Admit that Plaintiff was able to drive his vehicle after every time Plaintiff brought his 2011 Kia Optima SX-GDI Turbo to Thomas Kia of Highland.

6. Admit that at no time did any employee of Thomas Kia of Highland engaged in any discriminatory behavior toward or around Plaintiff.

7. Admit that at no time did any employee of Thomas Kia of Highland discriminate against Plaintiff because of his perceived race, skin color, and national origin.

8. Admit that at no time did any employee of Thomas Kia of Highland willfully fail to disclose that Plaintiff's 2011 Kia Optima SX-GDI Turbo was not adequately repaired.

9. Admit that at no time did any employee of Thomas Kia of Highland actively conceal that plaintiff's 2011 Kia Optima SX-GDI Turbo was not adequately repaired.

10. Admit that at no time did Thomas Kia of Highland ever engage in unfair or deceptive practices with Plaintiff during the time Plaintiff was having his 2011 Kia Optima SX-GDI Turbo serviced at Thomas Kia of Highland.

11. Admit that no other service provider has told Plaintiff that any repair and/or service, completed by Thomas Kia of Highland on Plaintiff's 2011 Kia Optima SX-GDI Turbo 2.0 was not performed according to industry standards.

12. Admit that no other service provider has told Plaintiff that any repair and/or service, completed by Thomas Kia of Highland on Plaintiff's 2011 Kia Optima SX-GDI Turbo 2.0, was performed wrong or inadequately.

13. Admit that no other service provider has told Plaintiff that Thomas Kia of Highland installed any incorrect parts on Plaintiff's 2011 Kia Optima SX-GDI Turbo 2.0.

14. Admit that no other service provider has told Plaintiff that Thomas Kia of Highland incorrectly installed any parts on Plaintiff's 2011 Kia Optima SX-GDI Turbo 2.0.

15. Admit that at no time has any employee, agent, or representative of Thomas Kia of Highland ever told Plaintiff Thomas Kia of Highland, or its employees, agents, and/or representatives were negligent in its service and/or repair of Plaintiff's 2011 Kia Optima SX-GDI Turbo 2.0.

16. Admit that Thomas Kia of Highland, its employees, agents, and/or representatives did not break the cam bolt and suspension arm on Plaintiff's subject vehicle.

17. Admit that Tom Seely never yelled at the Plaintiff to get his car and get out of

his shop, N****.

The Federal Rules of Civil Procedure set forth the process by which parties can seek information from other parties, including issuing interrogatories, requests for production, and requests for admission. Rule 36 provides that parties "may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either. . ." Fed. R. Civ. P. 36(a)(1). The party to whom the request is directed must deny or object to the request within 30 days. Fed. R. Civ. P 36(a)(3). *See Capitol Records, LLC v. Seydou Kouyate*, 2008 U.S. Dist. LEXIS 118536, 10 (N.D. Ind. June 19, 2008) ("If a matter is requested to be admitted pursuant to Federal Rule of Civil Procedure 36(a)(1), the party upon whom the request is directed must, within thirty days of being served, serve upon the requesting party a written answer or objection addressed to the matter.") "If no such written answer or objection is served, Rule 36(a)(3) provides that the matter is deemed admitted." *United States v. Kasuboski*, 834 F.2d 1345, 1349-50 (7th Cir. 1987). "Admissions made under Rule 36 . . . can serve as the factual predicate for summary judgment." *Id*. at 1350. Additionally, Rule 36(b) provides that a matter admitted is "conclusively established." Fed. R. Civ. P. 36(b).

Allen failed to admit, deny, or object to Defendants' Requests for Admission. Consequently, the Requests for Admission are deemed admitted. Because the admissions conclusively establish that each cause of action fails, Allen cannot establish that there is a genuine issue of material fact.

**V.   Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendants Thomas Kia of

Highland and Tom Seely's Motion for Summary Judgment [DE 53] and **DENIES as moot** Defendants Thomas Kia of Highland and Tom Seely's Motion for Summary Ruling [DE 55]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants Thomas Kia of Highland and Tom Seely and against Plaintiff Keith O. Allen.

  SO ORDERED this 27th day of September, 2023.

                s/ John E. Martin
                MAGISTRATE JUDGE JOHN E. MARTIN
                UNITED STATES DISTRICT COURT

cc: All counsel of record